No. 2--96--0186

_________________________________________________________________

                             IN THE

                  APPELLATE COURT OF ILLINOIS

                         SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF      )  Appeal from the Circuit Court

ILLINOIS,                       )  of Du Page County.

                                )

Plaintiff-Appellee,        )

                                )

v.                         )  No. 94--CF--727

                                )

ABRAHAM P. ABRAHAM,             )  Honorable

                                )  Peter J. Dockery,

Defendant-Appellant.       )  Judge, Presiding.

_________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

The defendant, Abraham P. Abraham, pleaded guilty on September 16, 1994, to one count of armed violence (720 ILCS 5/33--A(2) (West 1994)).  On February 14, 1995, the trial court sentenced him to serve 20 years in prison.  The defendant subsequently filed motions to reconsider sentence and to withdraw his guilty plea.  Following hearings on the respective motions, the trial court denied the motion to reconsider sentence on November 15, 1995, and it denied the motion to withdraw the guilty plea on February 15, 1996.

The record reveals that shortly after the September 16, 1994, guilty plea hearing the defendant's trial counsel, Wayne Brucar, left the public defender's office and Assistant Public Defender Jameson Kunz assumed the representation of the defendant.  The cause proceeded to a sentencing hearing held on January 20, 1995.  The defendant was sentenced to 20 years in prison on February 14, 1995.  Around April 7, 1995, defense counsel Kunz obtained the defendant's psychological records from the Du Page County jail.  Those records revealed that the defendant was taking psychotropic drugs at the time he pleaded guilty, a fact which was not previously known to the trial court.  Thereafter, the trial court issued an order allowing the defendant to undergo a psychiatric examination.

Dr. Syed Ali, a licensed psychiatrist, examined the defendant on two separate occasions.  His first written report stated with a reasonable degree of medical certainty that the defendant was insane at the time of the offense on April 4, 1994.  Dr. Ali's second report, however, indicated that the defendant was presently fit to stand trial.  Dr. Ali further stated in his report that he could not determine retroactively with a reasonable degree of medical certainty whether the defendant was fit on September 16, 1994, when he pleaded guilty.  

On August 31, 1995, the trial court found the defendant fit for the proceedings on his postplea motions.  The motion to reconsider sentence was heard before the motion to withdraw the guilty plea.  At the hearing on the motion to reconsider sentence, Dr. Ali testified that the defendant suffered from the mental diseases of alcohol induced dementia, persecutory delusional disorder, and bipolar disorder.  He opined with a reasonable degree of medical certainty that on April 4, 1994, the defendant could not conform his conduct to the requirements of the law and was unable to appreciate the criminality of his conduct.  The trial court denied the defendant's motion to reconsider his sentence.

Thereafter, the cause proceeded to a hearing on the defendant's motion to withdraw his guilty plea.  The defendant introduced his Du Page County medical records which revealed that during the period that included September 16, 1994, the date of the guilty plea hearing, the defendant was taking lithium carbonate, a psychotropic drug, as treatment for his depressive disorder.

At the hearing on the motion, attorney Wayne Brucar testified that sometime before the defendant pleaded guilty he asked Dr. Ali to see the defendant at the jail for the purpose of doing a fitness evaluation.  According to Brucar, Ali saw the defendant and told Brucar that he did not believe that there was an issue regarding the defendant's fitness, so Brucar asked him not to prepare a report.  Brucar further testified that the defendant understood the case and aided in the preparation of his defense.  Brucar noted that he thought that he knew the defendant was taking psychotropic medication when he entered his plea but there was never a time when he had a 
bona
 
fide
 doubt of the defendant's fitness.

Nick F. O'Riordan, a psychologist who saw the defendant at the jail, testified that the defendant was taking 25 m.g. of thorazine and 300 m.g. of lithium on September 16, 1994.  On September 19, 1994, the defendant's medication was changed to 600 m.g. of lithium and the thorazine was discontinued.  According to O'Riordan, he saw the defendant once in August 1994 and once in October 1994.  Both times the defendant appeared to be rational and coherent when they spoke.

On February 15, 1996, the trial court denied the defendant's motion to withdraw his guilty plea.  In so doing, the court found that the amended version of section 104--21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104--21(a) (West Supp. 1995)) applied to the case requiring that the defendant receive a fitness hearing only if there was a 
bona
 
fide
 doubt of the defendant's fitness even though the defendant was taking psychotropic medication at the relevant times.  The court then found that there was no 
bona
 
fide
 doubt with respect to the defendant's fitness at the time of his guilty plea and sentencing.

On appeal, the defendant contends that at the time he entered his guilty plea on September 16, 1994, he was taking psychotropic medication and was therefore entitled to a fitness hearing before his guilty plea was accepted (see 725 ILCS 5/104--21(a) (West 1994); 
People v. Brandon
, 162 Ill. 2d 450, 461 (1994)).  He further contends that his trial counsel was ineffective in failing to request a hearing and therefore his conviction should be vacated, his motion to withdraw his guilty plea should be granted and he should be allowed to plead anew.  In response, the State asserts that automatic reversal is not required under the recent case of 
People v. Burgess
, 176 Ill. 2d 289 (1997), if retrospective hearings reveal that the defendant suffered no impairment as a result of his ingestion of psychotropic drugs.  The State also asserts that a subsequent amended version of the psychotropic drug statute, section 104--21(a) of the Code of Criminal Procedure of 1963, controls the present case and the defendant is not entitled to any relief.

We first address the State's contention that the amended version of section 104--21(a) applies to this case.  At the time the defendant pleaded guilty to armed violence and was sentenced, section 104--21(a) provided in pertinent part:

"A defendant who is receiving psychotropic drugs or other medications under medical direction 
is entitled to a hearing
 on the issue of his fitness while under medication." (Emphasis added.)  725 ILCS 5/104--21(a) (West 1994).

We note that section 104--21(a) was twice amended so as to remove the automatic entitlement to a fitness hearing (see 725 ILCS 5/104--21(a) (West 1996)).  However, the first of those amendments did not become effective until December 13, 1995, after the defendant's guilty plea was accepted and he was sentenced.  In 
People v. McKay
, 282 Ill. App. 3d 108, 115 (1996), this court found under similar facts that the preamendment version applies.  The 
McKay
 court found that a defendant's entitlement to a fitness hearing accrues either at the time he pleaded guilty or at the time of the sentencing hearing if he was taking a psychotropic drug proximate to or during either of those times.  
McKay
, 282 Ill. App. 3d at 115.  Accordingly, we find that, since the amendment became effective after the defendant pleaded guilty and was sentenced, the preamendment version applies.

Under prior precedents of this court and the Illinois Supreme Court, the defendant would automatically be entitled to have his conviction vacated and the cause remanded for a fitness hearing; then if the defendant was found fit, he would have an opportunity to plead anew.  See 
People v. Birdsall
, 172 Ill. 2d 464 (1996)
; 
People v. Gevas
, 166 Ill. 2d 461 (1995); 
People v. Brandon
, 162 Ill. 2d 450 (1994)
; 
McKay
, 282 Ill. App. 3d at 114.  Moreover, a defense attorney is ineffective if he fails to point out to the trial court that his client is entitled to a fitness hearing under the preamendment statute because of his ingestion of psychotropic medication.  
Brandon
, 162 Ill. 2d at 458.  However, in 
People v. Burgess
, 176 Ill. 2d 289 (1997), our supreme court held that a rule of automatic reversal is not always appropriate.  
Burgess
, 176 Ill. 2d at 303.

In 
Burgess
, the supreme court granted the defendant's motion to stay the normal briefing schedule and to remand the cause to the circuit court for the " 'limited purpose of determining whether defendant ingested psychotropic medication at or near the time of his trial and sentencing.' "  
Burgess
, 176 Ill. 2d at 298-99.  At the hearing on remand, the State presented medical evidence that the drugs the defendant was taking would not have affected the defendant's mental condition and would not have had any psychotropic effect upon him while he was in court.  The defendant offered some contrary medical testimony from his own expert.  In rebuttal, the State introduced testimony from the defendant's trial attorney indicating that the defendant always appeared alert and coherent and was able to assist in his trial preparation.  Based on all of the testimony, the trial judge concluded that the drugs taken by the defendant had no effect on his mental condition.  After remand, the supreme court decided that it would not automatically assume that every psychotropic drug would render the person taking it unfit for purposes of trial and sentencing.  Therefore, it concluded that retrospective hearings to consider the possible effects of a drug on the defendant are sometimes proper.  
Burgess
, 176 Ill. 2d at 304.  The supreme court then found that the evidence in the case before it, including 
the prescribing doctor's testimony
, the judge's observations, and the defendant's own testimony at trial, compelled the conclusion that the defendant was suffering no impairment as a result of his ingestion of psychotropic drugs during the time of his trial and sentencing hearing.  
Burgess
, 176 Ill. 2d at 304.

In the case before us, the State maintains that the defendant was afforded the type of supplemental hearing afforded in 
Burgess
 and that the record shows that the defendant suffered no impairment as a result of his ingestion of psychotropic drugs.  We agree that the defendant was afforded the type of hearing allowed for in 
Burgess
.  However, we disagree with the State that the record shows that the defendant suffered no impairment as a result of the medication.  In that regard, we note that the trial court made no specific ruling with respect to the effect of the psychotropic drugs upon the defendant.  More importantly, unlike in 
Burgess
, here the State did not introduce any medical evidence discussing the drugs taken in relation to their psychological effects at the dosages given.

In 
Burgess
, the supreme court had the benefit of testimony from two psychiatrists regarding the effects of the specific doses of the drugs that the defendant was taking at the time of his trial and sentencing.  In contrast, the only medical expert to testify in this case testified that he could not give an opinion as to the defendant's fitness on September 16, 1994.  Given the State's failure to show within a reasonable degree of medical certainty that the psychotropic drugs the defendant had been taking did not impair his ability to participate in and understand his defense prior to pleading guilty and sentencing, we find that the defendant's conviction should be vacated and the cause remanded to allow the defendant to plead anew.

For purposes of avoiding a double jeopardy issue, we find that the factual basis for the defendant's guilty plea to armed violence offered at the hearing would support his conviction of that offense beyond a reasonable doubt.  See 
People v. Sandham
, 174 Ill. 2d 379, 390 (1996).

For the foregoing reasons, we vacate the defendant's conviction of armed violence and remand the cause to the circuit court of Du Page County for further proceedings to allow the defendant to plead anew to the charge of armed violence.

Vacated and remanded.

McLAREN and COLWELL, JJ., concur.